UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

GREGORY McNEILL,                                            CIVIL ACTION

    Plaintiff                                                         NO.

VS.

MASSACHUSETTS BAY COMMUTER
RAILROAD COMPANY,

    Defendant
_____X

## COMPLAINT

### NATURE OF ACTION

1. The plaintiff brings this action against the defendant for injuries suffered by him while in the employ of the defendant Railroad.

### JURISDICTION

2. This Court has subject matter jurisdiction in this case pursuant to the Federal Employers' Liability Act, 45 U.S.C. §51 *et seq.* Venue properly lies in this Court pursuant to 45 U.S.C. §56.

## PARTIES

3. The plaintiff is of Dorchester, Massachusetts.

4. The defendant, Massachusetts Bay Commuter Railroad Company, (hereinafter referred to as defendant Railroad), is a railroad corporation duly established by law.

## FACTS

5. During all times herein mentioned, the defendant Railroad was a common carrier engaged in the business of interstate commerce.

6. At the time the plaintiff received the injuries complained of, he was employed by the defendant Railroad as an Assistant Conductor.

7. At the time the plaintiff received the injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

8. On or about August 5, 2010, the plaintiff was engaged in his duties as an Assistant Conductor at or about South Weymouth, Massachusetts, which yard, lines, tracks, rails, engines, trains, and all other equipment and appliances appurtenant thereto were operated and/or controlled and/or maintained by the defendant Railroad.

9. At the time the plaintiff received the injuries complained of, the Control Cab Locomotive 1510 door failed to automatically open with a key, requiring the plaintiff to manually open the door.

10. The Control Cab Locomotive door was not in proper and safe condition, and it jammed when the plaintiff attempted to open it, causing injuries to his left arm including but not limited to his shoulder, biceps, and a brachial artery rupture.

## AS AND FOR A FIRST CAUSE OF ACTION

11. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 10 of this Complaint with the same force and effect as if set forth under this cause of action.

12. The defendant Railroad, its agents, servants, and employees were negligent in one or more of the following ways:

a)  it failed to adequately inspect and/or maintain and/or repair the door on Control Cab Locomotive 1510;

b)  it failed to inspect the door before requiring the plaintiff to work on Control Cab Locomotive 1510.

13. As a result of the negligence of the defendant Railroad, its agents, servants, or employees, the plaintiff was injured.

14. As a result of the failure of the defendant Railroad, its agents, servants, or employees to use reasonable care to provide the plaintiff with a safe place in which to work, including but not limited to furnishing him with safe and suitable appliances and equipment, the plaintiff was injured.

15. As a result of the said injuries, the plaintiff has lost wages and benefits, incurred medical expenses, suffered physical pain and mental anguish and will continue to do so in the future, has a permanent disfigurement, and has an impairment to his future earning capacity.

## AS AND FOR A SECOND CAUSE OF ACTION

16. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 10 of this Complaint with the same force and effect as if set forth under this cause of action.

17. The Control Cab Locomotive door was not in proper and safe condition, and had been previously reported before the day it jammed when the plaintiff attempted to open it.

18. As a result of the failure of the defendant Railroad, its agents, servants, or employees to provide the plaintiff with a Control Cab Locomotive Door which would operate as intended, the defendant Railroad is negligent per se for its violation of 49 CFR 238.305(10) which is a regulation enacted for the safety of employees and deemed to be a statute under 45 U.S.C 53.

19. As a result of the said violation, the plaintiff was injured.

20. As a result of the said injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, mental anguish and disfigurement.

## AS AND FOR A THIRD CAUSE OF ACTION

21. The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 10 of this Complaint with the same force and effect as if set forth under this cause of action.

22. The door on Control Cab Locomotive 1510 has a sliding window for the engineer to observe the train and crew members, and thus enable it to serve as a lead locomotive, and to otherwise control the safe movement of the train.

23. The Control Cab Locomotive door was not in proper and safe condition, and jammed when the plaintiff attempted to open it.

24. As a result of the failure of the defendant Railroad, its agents, servants, or employees to provide the plaintiff with a Locomotive with all parts and appurtenances functioning as intended, the defendant Railroad violated the Locomotive Inspection Act, 49 U.S.C. §§20701-20703 and 49 CFR 229.14.

25. As a result of the said violation, the plaintiff was injured.

26. As a result of the said injuries, the plaintiff has suffered and will suffer lost wages and benefits, impairment to earning capacity, medical expenses, pain and suffering, mental anguish and disfigurement.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a judgment for monetary damages against the defendant Railroad in addition to any further relief the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

By his attorneys,

By _____
George J. Cahill, Jr. (BBO #069480)
CAHILL GOETSCH & PERRY, P.C.
43 Trumbull Street
New Haven, Connecticut 06510
Telephone: (203) 777-1000
Fax: (203) 865-5904
cahill@trainlaw.com