UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

_____X

| | |
|---|---|
| GREGORY McNEILL, | CIVIL ACTION |
| Plaintiff | NO. 1:12-CV-10679-DJC |
| VS. | |
| MASSACHUSETTS BAY COMMUTER RAILROAD COMPANY, | |
| Defendant | SEPTEMBER 25, 2013 |

_____X

## PARTIES' PRETRIAL MEMORANDUM

**1A: CONCISE STATEMENT OF THE EVIDENCE TO BE OFFERED BY THE PLAINTIFF**

The plaintiff Gregory McNeill brings this case under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., for personal injuries he sustained as the result of the defendant Massachusetts Bay Commuter Railroad Company's negligence. The plaintiff asserts that his injuries were caused in whole or in part by the negligence of the defendant Railroad and its employees. The plaintiff also claims the defendant failed to comply with the Locomotive Inspection Act. The plaintiff claims damages for lost earnings, pain, suffering, mental anguish, scarring, disfigurement, and loss of enjoyment of life's activities.

On or about August 5, 2010, the plaintiff was engaged in his duties as an Assistant Conductor at South Weymouth, Massachusetts. He went to open the left door (L-1 door) on Control Cab Locomotive 1510 and the door failed to automatically open with a key. The

plaintiff then manually opened the door. The Control Cab Locomotive door was not in proper and safe condition and it jammed when the plaintiff attempted to open it, causing injuries to the plaintiff's left arm and shoulder.

The defendant was negligent in one or more of the following ways:

a. it failed to adequately inspect and/or maintain and/or repair the door on Control Cab Locomotive 1510;

b. it failed to inspect the door before requiring the plaintiff to work on Control Cab Locomotive 1510;

c. it failed to properly repair the door which was previously inspected and found to be extremely hard and difficult to open;

d. it failed to properly repair the door which was previously reported to open partially and jam; and

e. it failed to replace the door handle and vertical grab irons or handholds which were reported by employees to be necessary for leverage to open the door.

Also, the defendant Railroad, its agents, servants, or employees failed to provide the plaintiff with a Locomotive with all parts and appurtenances functioning as intended and, therefore, the defendant Railroad violated the Locomotive Inspection Act, 49 U.S.C. §§20701-20703 and 49 CFR 229.14 .

As a result of the defendant Railroad's negligence and failure to comply with the Locomotive Inspection Act, the plaintiff suffered injuries to his left arm and left shoulder and underwent two surgeries. As a result of this accident he was unable to work from August 5, 2010 to September 12, 2011 and lost $81,028 in wages.

## 1B: CONCISE STATEMENT OF THE EVIDENCE TO BE OFFERED BY THE DEFENDANT

MBCR expects the evidence to establish that it was not negligent in the maintenance of its equipment, that it provided the plaintiff with a safe workplace, that it did not violate the Federal Employers' Liability Act and that the plaintiff's injuries were caused by his own negligence. MBCR also expects the evidence to establish that it did not violate the Locomotive Inspection Act, that the "Act" does not apply as this is not a strict liability action. The plaintiff complained of no shoulder problems from the date of the accident (August 5, 2010) through September 24, 2010. His shoulder was examined on August 6, 2010 and was found to be "non-tender through the AC joint... with full range of motion of the shoulder with minimal discomfort. Full rotator cuff strength testing." The medical assessment/diagnosis that date was "left pectoralis strain, left elbow sprain." The plaintiff had an MRI on August 20, 2010 which revealed, "... a posterior labral tear and mild to moderate acromioclavicular DJD."

Despite the above finding, the plaintiff did not complain of shoulder symptoms until September 24, 2010 when he presented to the emergency room of the Milton Hospital. He stated that his shoulder just "popped out spontaneously" like it had on other occasions. Usually he would just pop it back in but this time he could not. He also stated that the shoulder dislocated while he was opening the refrigerator door. An MRI conducted on October 2, 2010 revealed a labral tear and a tear of the bicep tendon. It was for these above findings that the plaintiff underwent surgery on March 16, 2011 for left shoulder labral tears, rotator cuff tendonitis and a bicep tear.

### (2) FACTS ESTABLISHED BY THE PLEADINGS OR STIPULATIONS OF COUNSEL

a. At all times relevant hereto, the defendant was a common carrier engaged in the business of interstate commerce.

b. At the time of the accident, the plaintiff was employed by the defendant as an Assistant Conductor.

The plaintiff proposed the following language as established by the pleadings (See Plaintiff's Ex. K, Amended Complaint par. 22 and Defendant's Admission thereto) and the defendant does not agree that it is a fact established by the pleadings:

"The door on Control Cab Locomotive 1510 has a sliding window enabling the engineer to observe the train and crew members, thus enabling it to serve as a lead locomotive and to ensure the safe movement of the train."

### (3) CONTESTED ISSUES OF FACT

a. Was the defendant negligent pursuant to the FELA?

b. Was the defendant's negligence pursuant to the FELA a cause in whole or in part an injury to the plaintiff?

c. What was the nature and extent of any injuries the plaintiff suffered?

d. Was the plaintiff contributorily negligent?

e. What amount of money damages will fairly and fully compensate the plaintiff for all his injuries?

f. What was the amount of the plaintiff's lost wages resulting from the accident?

g. Did the defendant violate the Locomotive Inspection Act?

h. Did a violation of the Locomotive Inspection Act cause in whole or in part an injury to the plaintiff?

**(4) ANY JURISDICTIONAL QUESTIONS**

There are none.

**(5) ANY QUESTIONS RAISED BY THE PENDING MOTIONS**

The defendant filed the following Motions *In Limine*:
a. Defendant's Motion *In Limine* To Strike The Testimony of Plaintiff's Expert Dr. Brandon Earp;
b. Defendant's Motion *In Limine* To Preclude Evidence of Prior Maintenance Problems;
c. Defendant's Motion *In Limine* To Preclude Evidence of Medical Expenses;
d. Defendant's Motion *In Limine* To Preclude Any Reference To Plaintiff's Alleged "Gross" Wage Loss
e. Defendant's Motion *In Limine* To Preclude Any Reference to Workers' Compensation Or To The Fact That This Is Plaintiff' Only Remedy At Law
f. Defendant's Motion For a Pre-Charge Instruction To The Jury
g. Defendant's Motion *In Limine* To Redact "Workers' Compensation" References From Medical Records

The plaintiff's objections to the Motions In Limine will be filed by the September 26, 2013 deadline set by the Court.

**(6) ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS TOGETHER WITH SUPPORTING AUTHORITY**

See defendant's Motions *In Limine* and plaintiff's objections thereto. See also, plaintiff's Bench Memoranda re: Evidentiary Points. Lastly, see the parties' respective proposed jury charges. MBCR expects to file an opposition, if necessary, to whatever Bench Memoranda Plaintiff submits. See Plaintiff's Objections to Defendant's Exhibits.

**(7) ANY REQUESTED AMENDMENTS TO THE PLEADINGS**

None at this time.

**(8) ANY ADDITIONAL MATTERS TO AID THE DISPOSITION OF THE ACTION**

Defense counsel agreed to accept trial subpoenas on behalf of their client's Mechanical Director Paul Hanson and Trainmaster John Almeder.

**(9) THE PROBABLE LENGTH OF THE TRIAL**

The parties anticipate the trial will last 3-4 days.

**(10) THE NAMES, ADDRESSES AND TELEPHONE NUMBERS OF WITNESSES TO BE CALLED (EXPERT AND OTHERS) AND WHETHER THE TESTIMONY OF ANY SUCH WITNESS IS INTENDED TO BE PRESENTED BY DEPOSITION**

**(A) Plaintiff's Witnesses**

**Name, Address, and Telephone Number of Each Witness Plaintiff Expects to Present:**

John Almeder, MBCR Trainmaster, address unknown, telephone number: 617-438-2673

Paul Hanson, MBCR Mechanical Director, address and telephone number unknown

Gregory McNeill, MBCR Conductor, 4 Holbrook Ave., Dorchester, MA, 617-265-9667

Gregory J. Kechejian, M.D., Highland Surgical Associates, Doctor's Office Building, 100 Highland Street, Suite 222, Milton, Massachusetts 02186, 617-298-7737

Brandon Earp, M.D., (By videotaped trial deposition) Brigham and Women's Hospital, 75 Francis Street, Boston, Massachusetts 02115, 617-732-5500

**Name, Address, and Telephone Number of Each Witness the Plaintiff May Present:**

Dr. Dieter Affeln, Occupational Medicine, Milton Hospital Occupational Health Services, 199 Reedsdale Road, Milton, Massachusetts 02186, 781-453-3041

Jonathan Fry, MBCR Engineer, address and telephone number unknown

William Brown, MBCR Mechanical Dept. Employee, address and telephone number unknown

Katie Kuchatewski MBCR Engineer, address and telephone number unknown

William Forey, MBCR Mechanical Department address and telephone number unknown

William McCarthy, MBCR Employee, address and telephone number unknown

Jim Riccio, MBCR Employee, address and telephone number unknown

Bernard McCall, MBCR's Chief Mechanical Officer, address and telephone number unknown

Leo Sheehan, MBCR Mechanical Employee, address and telephone number unknown

Donald Sullivan, MBCR Mechanical Employee, address and telephone number unknown

Tony Labolitta, MBCR Conductor, address and telephone number unknown

S. O'Mally, MBCR Employee, address and telephone number unknown

Paul Malone, MBCR Mechanical Employee, address and telephone number unknown

Cavanaugh, MBCR Employee, address and telephone number unknown

Sullivan, MBCR Employee, address and telephone number unknown

Battista, MBCR Employee, address and telephone number unknown

Flannery, MBCR Employee, address and telephone number unknown

McMann, MBCR Employee, address and telephone number unknown

Richard Coakley, MBCR Employee, address and telephone number unknown

William Crowley, MBCR Employee, address and telephone number unknown

Esayas Ghebremariam, MBCR Employee, address and telephone number unknown
Gerard Sheehan, Employee, address and telephone number unknown

Don Wheaton, MBCR Union Representative, 781-316-7827

**(B) Defendant's Witnesses**

1. Plaintiff;

2. Paul Hanson, Taunton, MA:

3. Anthony Labollita, Brockton, MA;

4. Jon Alameda, Marshfield, MA;

5. Tom O'Keefe, Boston, MA;

6. Representative, Personalized Fitness, Hyde Park, MA.

**(11) THE PROPOSED EXHIBITS**

See Parties' Joint Exhibit Lists to be filed tomorrow.

**(A) Plaintiff's Proposed Exhibits**

**(B) Defendant's Proposed Exhibits**

**(12) THE PARTIES' RESPECTIVE POSITIONS ON ANY REMAINING OBJECTIONS TO THE EVIDENCE IDENTIFIED IN THE 26(a)(3) PRETRIAL DISCLOSURE**

**Plaintiff's Objections to Defendant's Proposed Exhibits**

**Def.'s Ex. aa Photographs of CCL #1510 taken on 9/24/13**

The plaintiff objects to all five photographs pursuant to Fed. R. Civ. P. 26a and 37(c) and Fed R. Evid. 402 and 403.

These photographs were not disclosed during discovery, not identified in Defendant's Pretrial Disclosure, and not produced until today – the deadline for submitting the Pretrial Memorandum and less than two weeks before trial starts.  The Court should not allow the five photographs into evidence because disclosure was not made in a timely manner.  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence ... at a trial, unless the failure was substantially justified or harmless...." Fed. R. Civ. P37(c).

Last fall during discovery in this case, MBCR produced a few photographs it claims are of the inside CCL #1510 and were taken in October of 2012.  MBCR never produced any

8

photographs of the exterior of CCL #1510 until today. The five photographs taken today depict a shiny and possibly new sign on the outside of the door that says "Emergency Access To Open Side Door of Coach 1. Break Glass- pull handle; 2. Grasp Edge of Door, 3. Slide Door Open." If such a sign existed back in 2012 when it took pictures of the inside of CCL 1510, why didn't MBCR take photographs of the outside of the car as well? If these photographs were taken and produced in a timely manner, the plaintiff could have performed discovery to find out when the sign was put on the car and how many other CCL do not have such signs. The untimely disclosure of these photographs is harmful and unjustifiable.

The five new photographs should not be allowed into evidence because they are not relevant, unfairly prejudicial, and likely to mislead the jury. See Fed. R. Evid. 402 and 403. Photographs of the outside of the car taken over three years after the accident do not reflect how it looked at the time of the accident.

**Def.'s Ex. bb MBCR Special Coach Inspection Report dated 8/6/10 for Car 1531.**

The plaintiff objects to the admission of this record pursuant to Fed. R. Evid. 402, 403, 801 and 802. The Control Cab Locomotive ("CCL") involved in plaintiff's accident was No. 1510. This Exhibit is an inspection report for CCL 1531 which was not involved in the accident. Therefore, it is simply not relevant since it does not help prove or disprove any fact that is of consequence in this action. Also, this Exhibit is likely to confuse and mislead the jury to thinking this was the CCL involved in the accident when it was not. Therefore, any probative value it has is substantially outweighed by the danger it will confuse the issues and mislead the jury. Lastly, this Exhibit is inadmissible hearsay.

**Def.'s Ex. cc Personalized Fitness Records.**

The plaintiff objects to the admission of these records pursuant to Fed. R. Evid. 402 and 403. Specifically, these records are not relevant because they do not help prove or disprove any fact that is of consequence in this action. Also, if they have any probative value, it is substantially outweighed by the danger it will confuse the issues and mislead the jury.

**Defendant's Objections to Plaintiff's Proposed Exhibits**

Defendant reserves the right to supplement objections.

FOR THE PLAINTIFF, GREGORY McNEILL


By  /s/ George J. Cahill, Jr.
    George J. Cahill, Jr. (BBO #069480)
    CAHILL & PERRY P.C.
    43 Trumbull Street
    New Haven, Connecticut  06510
    Telephone:  (203) 777-1000
    Fax:  (203) 865-5904
    cahill@trainlaw.com


FOR THE DEFENDANT, MASSACHUSETTS
  BAY COMMUTER RAILROAD


By       /s/ Thomas V. DiGangi
    Thomas V. DiGangi (BBO #069480)
    Law Offices of John J. Bonistalli
    160 Federal Street, 15th Floor
    Boston, Massachusetts  02110
    Telephone:  (617) 737-1771
    Fax:  (617) 737-5026
    thomas.digangi@bonistallilaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2013, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                                        */s/ George J. Cahill, Jr.*
                                                                                        George J. Cahill, Jr.